# Keefe Bartels Clark

170 Monmouth Street
Red Bank, New Jersey
(732) 224-9400
(732) 224-9494 (Fax)
*Attorneys for Plaintiff Glen and Nancy Locicero*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLEN LOCICERO; NANCY LOCICERO (his wife),<br><br>Plaintiff(s),<br><br>vs.<br><br>ROXVILLE ASSOCIATES & FIDELITY MANAGEMENT CO.; ROXBURY MALL; ROXVILLE ASSOCIATES; FIDELITY MANAGEMENT; BLUEMILL ROXBURY, LLC; SALVATORE DAVINO; FIDELITY LAND DEVELOPMENT CORPORATION; FIDELITY PROPERTIES, LLC; UNITED STATES POSTAL SERVICE; ABC BUSINESS ENTITIES (1-10); JOHN DOES (1-10)<br><br>Defendant(s). | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, **GLEN LOCICERO** and **NANCY LOCICERO** his wife residing at 89 Darmstatter Road, Ringwood, New Jersey 07456, by and through their attorneys, Keefe Bartels Clark, by way of complaint against the Defendants Roxville Associates & Fidelity Management Company principal place of business 641 Shunpike Road, Chatham, New Jersey 07928; Roxbury Mall principal place of business 275 Highway 10, Succasunna, New Jersey 07876; Roxville Associates principal place of business 641 Shunpike Road, Chatham, New Jersey 07928; Fidelity Managements principal place of business 641 Shunpike Road, Chatham, New Jersey 07928;

Bluemill Roxbury LLC; Salvatore Davino residing at 241 Millburn Avenue, Millburn, New Jersey 07041; Fidelity Land Development Corporation principal place of business 641 Shunpike Road, Chatham, New Jersey 07928; Fidelity Properties, LLC principal place of business 641 Shunpike Road, Chatham, New Jersey 07928; United States Postal Service principal place of business 1 Roxbury Mall, Succassunna, New Jersey 07876; ABC Business/Corporate Entities 1-10 and/or John Does 1-10, allege upon information and belief as follows:

## FIRST COUNT

1. On or about October 24, 2007, the plaintiff, **GLEN LOCICERO**, was working for a division of the United States Postal Service and was an invitee at a property commonly referred to as the Roxbury Mall, located in Roxbury Township, New Jersey.

2. At all times relevant hereto, the aforementioned premises was owned, operated, occupied, leased, controlled, constructed, designed and/or maintained by the defendants, **ROXVILLE ASSOCIATES & FIDELITY MANAGEMENT CO.; ROXBURY MALL; ROXVILLE ASSOCIATES; FIDELITY MANAGEMENT; BLUEMILL ROXBURY, LLC; SALVATORE DAVINO; FIDELITY LAND DEVELOPMENT CORPORATION; FIDELITY PROPERTIES, LLC; UNITED STATES POSTAL SERVICE; ABC BUSINESS ENTITIES (1-10); JOHN DOES (1-10).**

3. Defendants **ABC BUSINESS/CORPORATE ENTITIES 1-10 and/or JOHN DOES 1-10,** are ficticiously named entities who are liable to the same force, effort, and extent as the identified defendants herein their actual identities are not yet known and as such they are being used under ficticious names as provided in the New Jersey Rules of Court.

4. At the time and place aforesaid, the defendants, **ROXVILLE ASSOCIATES & FIDELITY MANAGEMENT CO.; ROXBURY MALL; ROXVILLE ASSOCIATES;**

FIDELITY MANAGEMENT; BLUEMILL ROXBURY, LLC; SALVATORE DAVINO; FIDELITY LAND DEVELOPMENT CORPORATION; FIDELITY PROPERTIES, LLC; UNITED STATES POSTAL SERVICE; ABC BUSINESS ENTITIES (1-10); JOHN DOES (1-10) individually, in concert, or collectively negligently, in violation of statutes, rules, regulations, codes and/or standards of non-negligent conduct; owned, operated, occupied, leased, controlled, constructed, designed and/or maintained the premises, as a result of which the plaintiff, **GLEN LOCICERO**, was caused to fall and suffer injury when he encountered a large pothole at or near a loading dock at the property commonly know as the Roxbury Mall.

5. The defendants were at all times relevant hereto the agents, servants and/or employees of the defendants, **ROXVILLE ASSOCIATES & FIDELITY MANAGEMENT CO.; ROXBURY MALL; ROXVILLE ASSOCIATES; FIDELITY MANAGEMENT; BLUEMILL ROXBURY, LLC; SALVATORE DAVINO; FIDELITY LAND DEVELOPMENT CORPORATION; FIDELITY PROPERTIES, LLC; UNITED STATES POSTAL SERVICE; ABC BUSINESS ENTITIES (1-10); JOHN DOES (1-10)**, and were charged with the care, maintenance and operation of the aforementioned premises and did negligently perform such duties as a result of which the plaintiff, **GLEN LOCICERO**, was caused to fall and suffer injury.

6. As a direct and proximate result of the negligence of the defendants, **ROXVILLE ASSOCIATES & FIDELITY MANAGEMENT CO.; ROXBURY MALL; ROXVILLE ASSOCIATES; FIDELITY MANAGEMENT; BLUEMILL ROXBURY, LLC; SALVATORE DAVINO; FIDELITY LAND DEVELOPMENT CORPORATION; FIDELITY PROPERTIES, LLC; UNITED STATES POSTAL SERVICE; ABC BUSINESS ENTITIES (1-10); JOHN DOES (1-10)**, jointly and/or severally, the plaintiff, **GLEN LOCICERO**, was caused to suffer severe, multiple and permanent bodily injury; has suffered and will continue to suffer great

pain and anguish, emotional distress; has lost and will lose time from employment; has expended and will continue to expend large sums of money for medical care and attention.

**WHEREFORE**, plaintiff, **GLEN LOCICERO,** demands judgment against all defendants, jointly and/or severally for compensatory damages, together with interests and costs of suit and such further relief as the Court may deem appropriate.

### SECOND COUNT

1. Plaintiffs repeat and reiterate the allegations contained in the prior and subsequent counts of the Complaint as if set forth at length.

2. Plaintiff **NANCY LOCICERO** is the wife of plaintiff **GLEN LOCICERO**. As the direct and proximate result of the negligence and carelessness of Defendants **ROXVILLE ASSOCIATES & FIDELITY MANAGEMENT CO.; ROXBURY MALL; ROXVILLE ASSOCIATES; FIDELITY MANAGEMENT; BLUEMILL ROXBURY, LLC; SALVATORE DAVINO; FIDELITY LAND DEVELOPMENT CORPORATION; FIDELITY PROPERTIES, LLC; UNITED STATES POSTAL SERVICE; ABC BUSINESS ENTITIES (1-10); JOHN DOES (1-10)**, the plaintiff, **NANCY LOCICERO** has and will lose the services, society and consortium of her husband, all to this damage, and thus brings this per quod claim.

**WHEREFORE**, plaintiffs demand judgment against all defendants together with interest, costs of suit, and such further relief as the Court may deem appropriate.

### THIRD COUNT

1. Plaintiffs repeat and reiterate the allegations contained in the prior and subsequent counts of the Complaint as if set forth at length.

2. Some defendant(s) may be deemed to have no legal liability, such as perhaps, being

deemed the employer(s) of plaintiff at the time of the accident, who duly maintained workers compensation insurance and are protected from tort liability under the exclusive remedy provisions of the New Jersey Worker's Compensation Act, or otherwise, and if no exception to those exclusive remedy provisions or legal defenses is found to be applicable, then it is alleged these defendants are in the exclusive possession of documents, information and/or other evidence relevant to facts at issue in this case and seek to remain as a defendant in this alternative capacity for purposes of discovery of the aforesaid information and evidence.

***WHEREFORE***, plaintiff(s) demand(s) judgment against all defendants, jointly and/or severally for compensatory damages in an amount to be determined at trial; punitive damages; attorneys' fees and costs and for such other relief as the Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Gerald H. Clark. is hereby designated trial counsel.

### CERTIFICATION

The undersigned certifies that the matter in controversy is not the subject of any other action pending in any other court nor is there any other pending arbitration or administrative proceeding pending and all known, necessary parties have been joined in this action.

                                                **KEEFE BARTELS CLARK**
                                                Attorneys for Plaintiff

                                        By: _____
                                                GERALD H. CLARK

Dated: October 6, 2009